UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-4-RJC
(3:06-cr-11-RJC-DCK-1)

| | |
|---|---|
| TONY JACOB JOLLY, | )<br>) |
| Petitioner, | )<br>) |
| vs. | )     ORDER<br>) |
| UNITED STATES OF AMERICA, | )<br>) |
| Respondent. | )<br>) |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255, (Doc. No. 1), his Supplemental Motion to Vacate, (Doc. No. 4), on the Government's Response in Support, (Doc. No. 5), and on Petitioner's Response in Support, (Doc. No. 6). Petitioner is represented by Joshua Carpenter of the Federal Defenders of Western North Carolina. For the reasons that follow, the motion to vacate will be granted.

    **I. BACKGROUND**

    A.     Petitioner's Offense Conduct.

On September 19, 2005, a confidential informant notified a detective with the Charlotte-Mecklenburg Police Department that Petitioner, a convicted felon, was at the informant's home and was in possession of stolen goods that included an air compressor, jewelry, and a gun. (Crim. Case No. 3:06cr11, Presentence Report ("PSR") at ¶ 5). A patrol officer later conducted a traffic stop of Petitioner and found a rifle, an air compressor, and stolen jewelry on top of blankets behind the seat of Petitioner's truck. (Id. at ¶ 6).

    B. Petitioner pleads guilty to possession of a firearm by a convicted felon and is
        sentenced to 180 months in prison.

1

A federal grand jury indicted Petitioner and charged him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e). (Id., Doc. No. 1: Indictment). Petitioner entered a straight-up plea of guilty to the firearm offense. (Id., Doc. No. 13: Acceptance and Entry of Guilty Plea). The probation officer prepared a Presentence Report and determined that Petitioner was an armed career criminal based on two prior Florida convictions for burglary, a Florida conviction for burglary of a conveyance, two North Carolina convictions for breaking and entering, and a Florida conviction for escape. See (Id., PSR at ¶ 19; 27; 31; 35; 36; 48). The probation officer calculated a total offense level of 30 and a criminal-history category of VI, yielding an advisory Sentencing Guidelines range of between 168 and 210 months in prison. (Id., PSR at ¶¶ 21; 58; 99). However, based on Petitioner's status as an armed career criminal, the probation officer noted that he was subject to a statutory mandatory-minimum term of 180 months in prison under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). (Id. at ¶ 98). Adopting the PSR, this Court sentenced Petitioner to 180 months in prison, and to three years of supervised release. (Id., Doc. No. 16: Judgment). Petitioner did not appeal.

On January 5, 2016, Petitioner filed the instant motion to vacate his sentence, arguing that he was sentenced as an armed career criminal in violation of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Petitioner contends that, in light of Johnson, he no longer has three predicate convictions supporting his classification as an armed career criminal. More specifically, Petitioner argues that his prior convictions for (1) burglary and burglary of a conveyance under Florida law and (2) escape under Florida law qualified as "violent felonies" under the ACCA only under the residual clause and that he is entitled to sentencing relief under Johnson. Petitioner also asserts that he has now served more than the ten

2

years to which he properly could have been sentenced, entitling him to immediate release. The Government has filed a response, in which the Government agrees that Petitioner is entitled to sentencing relief under Johnson, and the Government further states that it is waiving any procedural defenses.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The ACCA provides for a mandatory-minimum term of 15 years in prison for any defendant who violates 18 U.S.C. § 922(g) and who has three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). "Violent felony" is defined to include "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B). In assessing whether a prior conviction qualifies as a violent felony for purposes of the ACCA, a sentencing court employs the categorical approach, comparing the elements of the statute forming the basis of the defendant's conviction with ACCA's definition of "violent felony." See Descamps v. United States, 133 S. Ct. 2276, 2281 (2013).

In 2015, the Supreme Court held in Johnson that the provision defining "violent felony" to include a prior conviction for an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," known as the "residual clause" of the ACCA's "violent felony" definition, is void for vagueness. Johnson, 135 S. Ct. at 2556, 2558. The Supreme Court also held that the clause is void "in all its applications." Id. at 2561. The Court did not strike the remainder of the "violent felony" definition, including the four enumerated offenses and the "force clause" of § 924(e)(2)(B)(i). Id. at 2563.

As a result of Johnson, a defendant who was sentenced to a statutory mandatory-minimum term based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. See United States v. Newbold, 791 F.3d 455, 460 (4th Cir. 2015) (holding that the improper imposition of an ACCA-enhanced sentence is an error that is cognizable in a motion to vacate filed under 28 U.S.C. § 2255). Where, however, the prior convictions upon which his enhanced sentence is based qualify as violent felonies under the "force clause" or qualify as one of the four enumerated offenses, no relief is warranted. On April 18, 2016, the Supreme Court held in Welch v. United States, No. 15-6418, 2016 WL 1551144, at *11 (S. Ct. Apr. 18, 2016), that Johnson is retroactively applicable on collateral review to claims that the defendant was improperly sentenced as an armed career criminal.[1]

---

[1] Petitioner contends, and the Government concedes, that Petitioner's § 2255 motion is timely because it was filed less than a year after the Supreme Court decided Johnson. See 28 U.S.C. § 2255(f)(3) (stating that a defendant may file a § 2255 motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"). Moreover, the Government states in its response that, even if the petition were not timely, the Government would waive reliance on the statute-of-limitations defense because the Johnson error resulted in the improper application of a mandatory minimum term of

4

Here, Petitioner argues that, in light of Johnson, his prior Florida convictions for burglary and escape do not constitute "violent felonies" for purposes of the ACCA. The Government has conceded in its response that Petitioner is correct. The Court has reviewed the record and agrees that Petitioner is entitled to sentencing relief under Johnson. As Petitioner notes, the Eleventh Circuit has recognized that Florida's burglary statute, Fla. Stat. § 810.02, is broader than "generic burglary," as defined in Taylor v. United States, 495 U.S. 575, 599 (1990), and before the residual clause was held unconstitutional in Johnson, qualified as a "violent felony" under the ACCA only under that clause. See United States v. Kirk, 767 F.3d 1136, 1141 (11th Cir. 2014), vacated and remanded, 135 S. Ct. 2941 (2015). Now that the residual clause has been invalidated, burglary under Florida law does not constitute a "violent felony" for purposes of the ACCA. United States v. Kirk, No. 13-15103, 2016 WL 335937, at *1 (11th Cir. Jan. 28, 2016). Similarly, Florida's escape offense qualified as a violent felony under the ACCA only under the residual clause and cannot properly support an ACCA-enhanced sentence in light of Johnson. United States v. Cummings, 628 F. App'x 719, 719 (11th Cir. 2016). In sum, under Johnson, because Petitioner's prior Florida burglary and escape convictions are not violent felonies under the ACCA, Petitioner does not have three predicate convictions to support an ACCA-enhanced sentence. Furthermore, because Petitioner has now served more than the ten years to which he properly could have been sentenced for his conviction under Section 922(g), he is entitled to immediate release from custody. See (Crim. Case No. 3:06cr11, PSR at 1 (noting detention since March 6, 2006). For these reasons, the Court will grant Petitioner's motion to vacate.

---

imprisonment that also resulted in the imposition of a sentence above the otherwise-applicable statutory maximum.

## IV. CONCLUSION

For the reasons stated herein, the Court grants Petitioner's motion to vacate.

**IT IS, HEREBY, ORDERED that**:

(1) Petitioner's Motion to Vacate, (Doc. Nos. 1; 4), is **GRANTED**.

(2) Inasmuch as Petitioner is entitled to sentencing relief under Johnson, and because he has served a sentence that exceeds the statutory maximum to which his conduct exposed him, he is entitled to immediate release from custody. Petitioner is therefore **ORDERED** released from the custody of the United States Bureau of Prisons and/or the custody of the U.S. Marshals Service. Petitioner's three-year sentence of supervised release shall remain in place.

(3) To allow the Bureau of Prisons/United States Marshal/Pretrial Service adequate time, such are allowed up to ten days to comply with this order.

(4) The Clerk of Court shall certify copies of this Order to the U.S. Bureau of Prisons, U.S. Marshals Service, and the U.S. Probation and Pretrial Services Office.

Signed: April 22, 2016

Robert J. Conrad, Jr.
United States District Judge